UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY MARION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 4:23-cv-00149 |
| | * | |
| UNITED STATES LIFE INSURANCE | * | |
| COMPANY IN THE STATE OF NEW | * | |
| YORK and NICKY B. THOMPSON, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## COMPLAINT

Plaintiff, Tommy Marion ("Marion"), through undersigned counsel, for his Complaint against Defendants United States Life Insurance Company in the State of New York ("U.S. Life") and Nicky B. Thompson ("Thompson"), alleges as follows:

PARTIES

1. Marion maintains a primary residence and is domiciled in Silver Spring, Maryland, and is a citizen of the State of Maryland within the meaning and intent of 28 U.S.C. § 1332.

2. U.S. Life is a corporation organized under the laws of the State of New York, maintains its principal place of business in New York, New York, and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

3. Thompson maintains a primary residence and is domiciled in Houston, Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. § 1332(a) as Plaintiff and all Defendants are citizens of different states, and the amount in controversy is greater than $75,000.

5. Venue is proper in the United States District Court for the Southern District of Texas because Thompson is located there and materials events related to this action occurred within this district and division.

## FACTUAL ALLEGATIONS

6. John Thompson (the "Insured") was insured under a life insurance policy issued by U.S. Life, namely Policy Number 4170155001 (the "Policy"), with a face amount of $750,000.

7. On or about April 20, 2018, the Insured designated both Marion and Thompson as irrevocable primary beneficiaries of the Policy, with each set to receive 50% of the death benefit.

8. Because Marion was designated as an irrevocable beneficiary, he could only be removed as beneficiary if he agreed so in writing, pursuant to the terms of the Policy.

9. On information and belief, on or about August 6, 2022, the Insured was gravely ill, incapacitated, and less than two weeks from death.

10. On information and belief, on August 6, 2022, without the participation, knowledge, or authorization of Marion, Thompson, or someone acting for his benefit, completed and submitted to U.S. Life a beneficiary change form purporting to increase Thompson's beneficiary percentage from 50% to 85%, and decreasing Marion's percentage from 50% to 15%. The 85% allocated to Thompson was marked as "primary" but the 15% allocated to Marion was not marked as either primary or contingent.

11. Marion did not sign the form, but someone forged a signature on the line where his signature was required to approve of the beneficiary change request, without Marion's knowledge or authority.

12. On information and belief, the forged signature appears to have been made electronically on a computer or similar device, rather than in ink with a writing instrument.

13. Whoever forged Marion's signature also provided U.S. Life with a fake mailing address for Marion, which matches Thompson's Texas address, so as to prevent Marion from receiving any notice of the change.

14. Marion's telephone number was also changed to further prevent him from receiving any notice of the change.

15. Marion did not sign the beneficiary change form, did not authorize someone else to sign the form on his behalf, and did not change or authorize anyone to change his mailing address or phone number.

16. Marion did not participate in the preparation, execution, or submission of the beneficiary change form and was not aware of its existence until after the Insured's death.

17. The Insured died on August 18, 2022.

18. After the Insured's death, Marion asserted a claim for 50% of the Policy's death benefit, but U.S. Life advised that he was only entitled to 15%.

19. On information and belief, U.S. Life did not investigate the validity of the beneficiary change form despite its close proximity to the Insured's death, unauthorized changes to Marion's contact information, and visibly questionable fake electronic signature of Marion.

20. On October 17, 2022, U.S. Life paid Marion $113,323.53, representing 15% of the $750,000 death benefit, plus interest and a premium refund.

21. Upon receipt of this payment, Marion requested and was provided a copy of the forged beneficiary change form by U.S Life.

22. Upon receipt of the forged form, Marion's counsel promptly notified U.S. Life that Marion did not sign or approve of the change.

23. Marion's counsel also advised U.S. Life that the purported signature by Marion on the beneficiary change form was forged and invalid.

24. Marion has demanded the other 35% of the death benefit to which he is entitled, but U.S. Life has refused to pay.

## CAUSES OF ACTION

25. Marion incorporates the allegations in the foregoing paragraphs 1-19 by reference as if set forth fully herein.

## COUNT I
### Declaratory Judgment
*Against all Defendants*

26. An actual controversy has arisen and exists between Marion, U.S. Life and Thompson as to whether Marion is entitled to 50% of the death benefit of the Policy.

27. Thus, there exists an actual, justiciable controversy between the parties and the Court is empowered to declare and adjudicate the legal rights of the parties with respect to the death benefit at issue.

28. Marion desires and hereby requests a judicial determination that he is the rightful beneficiary of 50% the death benefit, and/or that any unlawful ownership or beneficiary designation transactions attempting to deprive him of his rightful interests in the death benefits are invalid as a matter of law.

29. Marion desires and hereby requests a judicial determination that in addition to what he has already received, he is entitled to an additional 35% of the death benefit and applicable interest.

## COUNT II
### Breach of Contract
*Against U.S. Life Only*

30. Pursuant to the express terms of the Policy, an irrevocable beneficiary may only be removed as beneficiary upon written consent.

31. As an irrevocable beneficiary, U.S. Life was contractually obligated to pay Marion the correct portion of the death benefit to which he was entitled absent his valid written consent to be removed as beneficiary.

32. U.S. Life breached its contractual obligations owed to Marion under the terms of the Policy by refusing to pay him the correct amount of the death benefit owed to him.

33. U.S. Life further breached its contractual obligations owed to Marion by accepting a fraudulent beneficiary change form that contained glaring problems.

34. As a result of U.S. Life's breach of its contractual obligations to Marion, Marion has been damaged.

## COUNT III
### Negligence
*Against U.S. Life Only*

35. On information and belief, U.S. Life has a beneficiary change processing department that reviews and decides whether beneficiary change requests should be recorded.

36. With respect to the beneficiary change form dated August 6, 2022, the form contained several items that should have triggered the processing department to require additional information from the Insured.

37. Most obviously, the form does not identify whether Marion was to be a primary or contingent beneficiary.

38. U.S. Life is part of the American International Group ("AIG") group of companies. AIG frequently rejects beneficiary change requests when the primary beneficiary amounts do not equal 100%.

39. Yet, U.S. Life did not reject the subject form, and instead recorded it as being valid.

40. The form also contained an electronic signature for Marion that should have immediately drawn scrutiny on appearance alone.

*[handwritten signature: Tommy motion]*

41. Yet, on information and belief, U.S. Life made no effort to verify if the signature was valid, and approved the fraudulent beneficiary change request.

42. On information and belief, U.S. Life also has a claims department that follows certain policies and procedures in adjudicating claims.

43. Following the death of the Insured, U.S. Life's claims department was aware that just twelve (12) days prior to his death a drastic change had been made to the long-standing beneficiary designations; the form featured an obviously questionable electronic signature for Marion; it listed Marion's address as being the same Houston address as Thompson, even though Marion lived in Maryland; it listed a Ft. Lauderdale phone number for Marion that was not real; and it failed to specify whether Marion's designation was as primary or contingent. These discrepancies should have triggered further scrutiny by the claims department.

44. By ignoring these rudimentary problems and suspicious items, U.S. Life breached its basic duty of care to protect Marion's status as irrevocable beneficiary, and instead allowed itself to be defrauded by Thompson.

45. Now, rather than make Marion whole, U.S. Life has attempted to pass the cost of its mistakes and negligence on to Marion by refusing to pay him.

46. As a result of U.S. Life's negligence, Marion has been damaged.

## COUNT IV
### Unjust Enrichment
*Against Thompson Only*

47. On information and belief, Thompson, or someone acting for his benefit, facilitated the completion and submission to U.S. Life of a fraudulent beneficiary change form that was not signed by Marion, in an effort to defraud Marion.

48. Through the fraudulent or unauthorized actions of Thompson, or someone acting for his benefit, Thompson was unjustly enriched by his receipt of an extra 35% of the $750,000 death benefit that was not rightfully his.

49. The enrichment of Thompson by his receipt of an extra 35% of the $750,000 death benefit was done so at the sole expense of Marion.

50. It would be unjust to allow the Thompson to retain the extra 35% of the $750,000 death benefit under these circumstances.

## COUNT V
### Fraud
*Against Thompson Only*

51. On information and belief, on or about August 6, 2022, without the knowledge or authorization of Marion, Thompson facilitated the completion and/or submission to U.S. Life a

beneficiary change form that contained a forged signature for Marion, for the purpose of reducing the amount of the death benefit Marion would collect.

52. On information and belief, Thompson forged Marion's signature, changed the percentage of the death benefit allocated to Marion, and provided a mailing address and telephone number for Marion that would allow Thompson to intercept any communications intended for Marion from U.S. Life, all without Marion's knowledge or consent.

53. Thompson made these representations to U.S. Life knowing they were material and false, and for the specific purpose of benefitting himself financially to the detriment of Marion.

54. As a result of the fraudulent actions of Thompson, U.S. Life reduced Marion's death benefit payment by $262,500, plus applicable interest.

55. As a result of the fraudulent actions of Thompson, Marion has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tommy Marion, prays for judgment in his favor, costs, interest, attorney's fees to the extent authorized, exemplary damages against Thompson for fraud, and any other relief deemed just and proper.

DATED this 16th day of January, 2023.

                              Respectfully submitted,

                              /s/ William J. Perry
                              William J. Perry (LSBA No. 19100)
                              Southern District Federal I.D. No. 360857
                              Michael J. Hoover (TX No. 24132888)
                              Southern District Federal I.D. No. 2934952
                              Interpleader Law, LLC
                              5800 One Perkins Place Dr., Suite 2A
                              Baton Rouge, LA 70808
                              Phone: (225) 246-8706
                              Fax: (888) 200-3530
                              Email:  william.perry@interpleaderlaw.com
                                          michael.hoover@interpleaderlaw.com

                              *Attorneys for Plaintiff, Tommy Marion*