United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tommy Marion, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | |
| § | | |
| United States Life Insurance § | Case No. 4:23-cv-00149 | |
| Company in the State of New York, § | | |
| § | | |
| *Defendant/* § | | |
| *Cross-claimant* § | | |
| and § | | |
| § | | |
| Nicky B. Thompson, § | | |
| § | | |
| *Defendant/* § | | |
| *Cross- Defendant.* § | | |
| § | | |

## **MEMORANDUM AND RECOMMENDATION**

Pending are two motions to dismiss, both filed by Defendant/Cross-Defendant Nicky B. Thompson. In the first of those motions, Thompson moved to dismiss Plaintiff Tommy Marion's claims under Fed. R. Civ. P. 12(b)(6) and 9(b). Dkt. 28. In the second, Thompson requests dismissal of the crossclaims filed by co-Defendant and Cross-Claimant United States Life Insurance Company in the State of New York ("U.S. Life"), either under Rule 12(b)(1) or Rule 12(b)(6). Dkt. 33.

After carefully considering the motions, responses, Dkt. 30, 34, reply, Dkt. 31, the pleadings, and the applicable law, the undersigned concludes as follows: (1) Thompson's motion to dismiss Marion's claims should be granted in part with respect to the fraud claim, but otherwise denied; (2) Marion is granted leave to amend his unjust enrichment claim, but not his fraud claim; and (3) Thompson's motion to dismiss U.S. Life's crossclaims should be denied.

## Background

This dispute concerns the allocation of benefits under a life insurance policy. The following allegations are taken as true at this stage.

John Thompson (the "Insured") obtained a life insurance policy from U.S. Life, in the amount of $750,000. Dkt. 1 at 2. In 2018, the Insured designated Marion and Thompson as irrevocable primary beneficiaries, to share equally in the policy proceeds. *Id.* This designation meant that Marion could not be removed as a beneficiary unless he agreed to do so, in writing. *Id.*

On August 6, 2022, just weeks before the Insured's death, Thompson or someone acting on his behalf forged Marion's signature on a change of beneficiary form. *Id.* at 2-3. The form increased Thompson's share of policy proceeds from 50% to 85% and reduced Marion's from 50% to 15%. *Id.* at 2. The forger also changed Marion's mailing address to Thompson's address in Texas and changed Marion's phone number. *Id.* at 3. These changes to Marion's contact information concealed the form from Marion. *Id.*

After the Insured died on August 18, 2022, U.S. Life paid Marion only 15% of the policy benefits, i.e., $113,323.53. *Id.* Upon Marion's request, U.S. Life provided him a copy of the forged change of beneficiary form. *Id.* at 4. That prompted Marion to notify U.S. Life that he had not signed or approved the change. *Id.* But U.S. Life refused to pay additional benefits to Marion. *Id.*

Marion then filed this suit. *See* Dkt. 1. Against U.S. Life, Marion asserted breach of contract, negligence, and declaratory judgment claims. *Id.* at 4-7. Marion also pleaded fraud, unjust enrichment, and declaratory judgment claims against Thompson. *Id.* at 4-5, 7-8. U.S. Life then brought contingent crossclaims against Thompson, for fraud and unjust enrichment. Dkt. 8 at 12-14.

Thompson moved to dismiss all claims against him. *See* Dkt. 28, 33. Marion and U.S. Life filed separate responses, Dkt. 30, 34, and Thompson filed a reply in support of the motion to dismiss Marion's claims only, Dkt. 31. The motions to dismiss are ripe for resolution.

## Legal standard

### I. Motions to dismiss under Fed. R. Civ. P. 12(b)(1)

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v.*

3

*City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. The plaintiff bears the burden to establish that subject-matter jurisdiction exists. *Id.* at 286.

## II. Motions to dismiss under Fed. R. Civ. P. 12(b)(6)

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S.

4

at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favor to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

## Analysis

### I. Marion adequately pleaded most of his claims against Thompson.

Marion asserts several claims against Thompson: (1) fraud; (2) unjust enrichment; and (3) declaratory relief. Dkt. 1 at 4-5, 7-8. He accuses Thompson of forging Marion's signature on a change of beneficiary form that reduced Marion's share of a $750,000 life insurance policy from 50% to 15% and increased Thompson's share from 50% to 85%, depriving Marion of $262,500. *See id.* at 2-3, 8. The parties agree that Texas law applies.

Seeking dismissal, Thompson asserts that the fraud claim is inadequately pleaded, including because Marion did not rely on any asserted misrepresentation. Dkt. 28 at 4-8. Interrelatedly, Thompson asserts that dismissal of the fraud claim forecloses Marion's claim for unjust enrichment, and that a valid agreement bars this claim. *See id.* at 8. Thompson also asserts, albeit only in his reply brief, that the claim for declaratory relief is inadequately pleaded. Dkt. 31 at 1-2.

As addressed below, the Court agrees that Marion's fraud claim is barred because Marion did not rely on the forged document, which was submitted to U.S. Life. But fraud is not necessary to Marion's separate claim for unjust enrichment. *See* Dkt. 30 at 3. Instead, the factual allegations indicate that Thompson took undue advantage of Marion by forging Marion's signature on the change of beneficiary form—rendering it void—and obtaining more than Thompson's just share of the life insurance proceeds. To the extent not already asserted, Marion is granted leave to plead this theory explicitly. And given the existence of a valid claim for unjust enrichment, Marion has adequately asserted a claim for declaratory relief to resolve the parties' rights and obligations. Accordingly, only the fraud claim should be dismissed without leave to amend.

### A. Marion's fraud claim is barred for lack of reliance.

Among other things, Thompson argues that Marion fails to assert a valid claim for fraud because his allegations negate the element of reliance. Dkt. 28 at 7-8. Thompson's position is well taken.

"To prevail on a fraud claim, a plaintiff must show: (1) the defendant 'made a material representation that was false'; (2) the defendant 'knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;' (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably

6

relied upon the representation and suffered injury as a result." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). "The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable." *Id.* (citing *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010)).

Although Marion explains how he was *harmed* by the fraudulent form, he does not suggest that he *relied* on it. *See* Dkt. 30 at 5. Instead, the complaint reflects that the form was submitted to U.S. Life, not Marion, and U.S. Life relied on it when paying 85% of the benefits to Thompson and only 15% to Marion. Dkt. 1 at 2-3. Nothing indicates that Marion took any actions based on the fraudulent form. Quite the contrary, Marion did not learn of the form's submission until after the benefits were paid. *See* Dkt. 1 at 4.

As Thompson observes, the submission of a fraudulent form that changed the allocation of life insurance benefits was "perpetrated against [U.S. Life], not Marion." Dkt. 28 at 7-8. Because Marion did not and could not have relied on the forged form, he cannot state a cognizable claim for fraud. *See, e.g., Fed. Ins. Co. v. BMO Harris Bank, NA*, 2012 WL 12887968, at *2 (W.D. Tex. Dec. 7, 2012) (fraud claim barred where misrepresentations were made to a third party, not plaintiff, and third party relied on misrepresentations).

7

Marion's alternative request for leave to amend this claim is denied as futile. *See* Dkt. 30 at 5; *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (leave to amend is futile when a proposed amendment "could not survive a motion to dismiss").

### B. Marion's unjust enrichment claim is plausible, and the Court grants leave to amend this claim.

Thompson mounts a twofold challenge to Marion's unjust enrichment claim. First, Thompson asserts that dismissal of the fraud claim defeats recovery for unjust enrichment. Dkt. 28 at 8. Second, he maintains that unjust enrichment is not available because a contract covers the subject of this dispute. *See id.* The Court is not persuaded. Regardless, the Court grants Marion leave to amend his unjust enrichment claim.

"Under Texas law[,] an unjust enrichment claim requires showing that one party 'has obtained a benefit from another by fraud, duress, *or the taking of an undue advantage.*'" *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 379-80 (5th Cir. 2020) (emphasis added) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). "[A] litigant may show the taking of an undue advantage without showing the violation of a law or legal duty ...." *Id.* at 382. Fraud, though sufficient, is not necessary to establish that a defendant improperly obtained a benefit by engaging in wrongful conduct. *See id.* Moreover, a plaintiff can premise an

8

unjust enrichment claim "on conduct that, while not illegal, is nevertheless wrongful, unethical, or otherwise unjust." *Id.* at 383.

The foregoing principles confirm that Marion need not state an actionable claim for fraud to recover for unjust enrichment. According to the allegations, Thompson wrongfully forged Marion's signature on a change of beneficiary form, surreptitiously changed Marion's address and phone number to hide the conduct, and took hundreds of thousands of dollars in insurance proceeds that rightfully belonged to Marion. Dkt. 1 at 2-4. Under those circumstances, it would be plainly unjust to allow Thompson to retain the illicit proceeds. Nothing more is required to state an unjust enrichment claim.[1]

Thompson's further contention that the existence of a contract forecloses recovery is flawed. As Thompson notes, "a *valid agreement* [that] already addresses the matter" will foreclose an equitable claim for unjust enrichment. *See* Dkt. 28 at 8 (emphasis added) (quoting *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)). But according to Marion's allegations, the agreement—the change-of-beneficiary form under which Thompson received 85% of the policy proceeds—was forged and therefore invalid. Dkt. 2-4. Given the dispute over the contract's validity, Marion has stated a viable unjust enrichment claim. *See, e.g., Pazarin v. Armes*, 512 F. Supp. 2d 861, 877-78

---

[1] Marion's allegations also satisfy the heightened pleading standard under Rule 9(b). *See infra* Part I.C.

9

(W.D. Tex. 2007) (dispute over contract's authenticity supported unjust enrichment claim); *CDM Constructors, Inc. v. City of Weslaco, Tex.*, 2021 WL 1133615, at *9 (Tex. App.—Corpus Christi Mar. 25, 2021, pet. denied) (allowing unjust enrichment claim where party sought to void the contracts).

Thompson's further reliance on *Harmon v. Harmon*, 962 F. Supp. 2d 873, 883 (S.D. Tex. 2013), is misplaced. *See* Dkt. 28 at 8. There, the court first concluded that no evidence indicated the decedent's daughter and the daughter's boyfriend had committed wrongdoing that led to the daughter being named as the primary beneficiary under the decedent's life insurance policy. *Harmon*, 962 F. Supp. 2d at 876, 880-82. That conclusion meant the daughter had not received the "life insurance proceeds by fraud or other undue means." *See id.* at 883; *see also id.* at 881, 887 (granting summary judgment on all claims against the daughter and her boyfriend). Only then did the court conclude that the daughter had received the proceeds under a valid contract "as the last designated beneficiary on file." *See id.* at 883.

In contrast, Marion's allegations, if successful, would invalidate the allocation of benefits under which Thompson received the lion's share of policy benefits. If so, then Thompson wrongfully obtained $262,500 that belongs to Marion. That is a proper basis for an unjust enrichment claim.

The Court notes that Marion's unjust enrichment claim is couched in terms of Thompson's commission of fraud, even though the factual allegations

equally support unjust enrichment by undue influence. Those factual allegations are sufficient to survive dismissal even if Marion invoked the wrong legal theory. *See Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016).

Regardless, Marion also requested leave to amend his claims, including for unjust enrichment. *See* Dkt. 30 at 5. At this stage, leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend is appropriate in this case. Marion has not unduly delayed this request, nor has he sought leave to amend for any improper motive. Given the early stage of this case, amendment would not meaningfully prejudice Thompson. Moreover, Marion has not yet amended his complaint. And as the foregoing analysis shows, an unjust enrichment claim premised on undue advantage would not be futile. Thus, even if Marion's live pleading does not invoke the undue advantage theory of unjust enrichment, the Court grants Marion leave to amend his complaint to do so explicitly.

### C. Marion's related claim for declaratory relief is proper.

In his reply brief only, Thompson argues for dismissal of Marion's claim for declaratory relief based on Fed. R. Civ. P. 9(b). *See* Dkt. 31 at 1-2. Even if this contention were properly raised,[2] the Court nevertheless rejects it.

Thompson maintains that Marion's underlying theory—forgery—triggers the heighted pleading standard for fraud claims. *See* Dkt. 31 at 1-2. Because "[f]orgery is a type of fraud," it must be stated with particularity under Fed. R. Civ. P. 9(b). *Kafi, Inc. v. Sand Canyon Corp.*, 2022 WL 3084480, at *3 (S.D. Tex. Aug. 3, 2022), *adopted by* 2022 WL 4454395 (S.D. Tex. Sept. 23, 2022). Under that standard, the pleading generally must identify "the who, what, when, where, and how" of the fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks omitted). Nevertheless, "Rule 9(b)'s ultimate meaning is context-specific." *Williams v. WMX Techs.*, 112 F.3d 175, 178 (5th Cir. 1997). And a party need not plead information "peculiarly within the opposing party's knowledge."

---

[2] As Marion correctly notes, Thompson's initial motion to dismiss failed to address the declaratory judgment claim. Dkt. 30 at 1. For that reason alone, this Court can reject Thompson's new arguments raised for the first time in a reply. *See Murthy v. Abbott Labs.*, 847 F. Supp. 2d 958, 977 n.9 (S.D. Tex. 2012) (declining to address Rule 12(b)(6) contention raised for the first time in a reply, noting that "[t]he Fifth Circuit deems" such arguments "to be forfeited") (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).

12

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (authorizing pleading on information and belief).

Contrary to Thompson's contentions, *see* Dkt. 28 at 4-6, Marion's allegations satisfy Rule 9(b)'s requirements. According to the allegations, Thompson, or someone on his behalf, falsely signed Marion's name on the change of beneficiary form that agreed to reduce Marion's share of the insurance proceeds from 50% to 15% (while increasing Thompson's share from 50% to 85%) and submitted the form on August 6, 2022 to U.S. Life. Dkt. 1 at 2-3. That covers the who, what, when, and where of fraud. The complaint also explains how the scheme was executed: the forgery was accomplished with an electronic signature and concealed from Marion by changing his mailing address and telephone number. *Id.* at 3. Any further detail lies exclusively within Thompson's knowledge and need not be asserted at this stage.

Marion's complaint contains far more detail than the pleading in *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 360-61 (5th Cir. 2017), a case cited by Thompson. *See* Dkt. 28 at 5. In *Bynane*, the plaintiff relied solely on "his deduction" that the signature on an assignment differed from her signature on other documents. *See* 866 F.3d at 361. In contrast, Marion identifies Thompson as the forger, leaving open the possibility that a third party acted on Thompson's behalf. And Marion provides more indicia that his signature was forged, alleging that Thompson changed Marion's address and phone

13

number, which ensured that Marion would not discovery the forgery—until too late. This is more than enough to plead forgery as a basis for declaratory relief. *See, e.g.*, *Kafi, Inc.*, 2022 WL 3084480, at *9-10 (denying motion to dismiss declaratory judgment claim premised on forgery, where plaintiff "demonstrated a reasonable basis for its belief that the signatures are forgeries," despite failing to allege who, when, where, or how the signatures were forged). Thompson's request to dismiss this claim should be denied.

## II. U.S. Life has asserted cognizable contingent crossclaims.

Regarding U.S. Life's crossclaims, Thompson asserts two related jurisdictional contentions under Rule 12(b)(1) and other arguments targeting the merits under Rule 12(b)(6). Thompson's arguments are unpersuasive.

### A. U.S. Life's crossclaims are justiciable.

Thompson maintains that U.S. Life's crossclaims are not ripe because they depend on the outcome of Marion's claims. Dkt. 33 at 6. Relatedly, Thompson argues that U.S. Life lacks standing because it has yet to pay the additional sums that Marion seeks. *Id.* at 7. Both are challenges to the justiciability of U.S. Life's crossclaims. U.S. Life responds that Rule 13(g) allows it to assert crossclaims that depend on the outcome of Marion's claims against it. Dkt. 34 at 2-4. U.S. Life is correct, and these claims are justiciable.

Under Rule 13(g), a party may assert a crossclaim "that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the

14

action against the crossclaimant," so long as the crossclaim "arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

As this language reflects, Rule 13(g) authorizes "the assertion of crossclaims ... contingent upon ultimate adjudication of claimant's liability to plaintiff." *Glens Falls Indem. Co. v. U.S. ex rel. Westinghouse Elec. Supply Co.*, 229 F.2d 370, 374 (9th Cir. 1955); *accord Providential Dev. Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) (recognizing same principle); *see also Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) (same principle applies to third-party claims under Fed. R. Civ. P. 14(a)); 6 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1431 (3d ed. 2010) (Rule 13 "does not require that the claim be mature at the time of pleading"; instead, it "can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff"). This principle aims to "avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically." *LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969) (quoting *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 824, 845 (7th Cir. 1952)).

So long as the court has jurisdiction over the original action, it may exercise ancillary jurisdiction over a crossclaim properly asserted under Rule

13(g). *See Jones v. Ill. Dep't of Rehab. Servs.*, 689 F.2d 724, 732 (7th Cir. 1982) ("Rule 13(g) claims are within the ancillary jurisdiction of the court and do not require an independent jurisdictional basis ...."). The only other limitations require a crossclaim to "assert a plea for affirmative relief"—not just a defense—and do so on the cross-claimant's own behalf. *See id.* at 733.

These authorities confirm that the Court has ancillary jurisdiction over U.S. Life's crossclaims. It is undisputed that the Court has diversity jurisdiction over the original action. *See* Dkt. 1 at 2. And the crossclaims arise out of the same dispute over the forged change of beneficiary form as Marion's original claims. *See* Dkt. 8 at 10-11. U.S. Life also made its crossclaims contingent on its liability to Marion, as Rule 13(g) permits. *See* Dkt. 8 at 9. Further, the crossclaims seek affirmative relief solely on U.S. Life's behalf, namely the sum of $262,500 owed to Marion as a result of Thompson's forgery. *See id.* at 13-14.

More fundamentally, U.S. Life's crossclaims are justiciable. The dispute is ripe, as Marion has already sued U.S. Life for additional benefits. *See, e.g.*, *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) ("The threat of litigation can establish a justiciable controversy if it is specific and concrete."). And U.S. Life's liability need not be "literally certain" for it to have standing to assert its crossclaims. *See Alliance for Hippocratic Medicine v. U.S. Food & Drug Admin.*, 78 F.4th 210, 227 (5th Cir. 2023) (quoting *Clapper v. Amnesty Int'l*

16

*USA*, 568 U.S. 398, 141 n.5 (2014)). Taking Marion's allegations as true, there is a substantial risk that that the change of beneficiary form will be voided, which would require U.S. Life to pay more benefits to Marion. *See id.* (substantial risk is sufficient to support standing). Thompson's challenges to the justiciability of U.S. Life's crossclaims should be rejected.

### B. U.S. Life's crossclaims do not seek common law indemnity.

Alternatively, Thompson argues that U.S. Life's crossclaims are, in essence, requests for common law indemnity that Texas law has abolished. Dkt. 33 at 7-8. U.S. Life, however, denies any reliance on common law indemnity for its claims that Thompson defrauded it or unjustly enriched himself at U.S. Life's expense. *See* Dkt. 34 at 4.

"Under the common law doctrine of indemnity, the tortfeasor who is entitled to indemnity receives total reimbursement from another tortfeasor for damages paid to plaintiff." *B & B Auto Supply, Sand Pit, & Trucking Co. v. Cent. Freight Lines, Inc.*, 603 S.W.2d 814, 816 (Tex. 1980). This right "usually arises when one tortfeasor has breached a duty owed to a co-tortfeasor." *Id.* But Texas's adoption of a comparative responsibility regime, Tex. Civ. Prac. & Rem. Code § 33.001, *et seq.*, has all but abrogated common law indemnity between joint tortfeasors. *See id.* (reaching this conclusion under predecessor statute); *see also Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) (addressing

17

current statute, which has eliminated common law indemnity in all instances except pure vicarious liability and innocent sellers of products).

U.S. Life's contingent crossclaims do seek to make Thompson responsible for its own potential liability to Marion. In that superficial sense, the crossclaims resemble a request for common-law indemnity for damages that U.S. Life may owe to Marion.

But that is where the similarity ends. Marion has asserted both a negligence and a breach of contract claim against U.S. Life. U.S. Life, in turn, made its crossclaims contingent on finding that it is "liable to Plaintiff Marion *for breach of contract*" only. Dkt. 8 at 9 (emphasis added). Because this language disavows any request to shift its potential tort liability to Thompson, any comparison to common law indemnity is inapt. Indeed, Texas's comparative fault scheme that abrogates indemnity applies only to tort claims. *See* Tex. Civ. Prac. & Rem. Code § 33.002(a). Thompson cannot recharacterize U.S. Life's contingent crossclaims as requests for indemnity.

### C. U.S. Life adequately pleaded its fraud and unjust enrichment claims.

U.S. Life's fraud allegations mirror Marion's, as do Thompson's Rule 9(b) arguments against both parties. *Compare* Dkt. 1 at 2-4, *with* Dkt. 8 at 10-12 (accepting and restating Marion's factual allegations), *and* Dkt. 28 at 4-6; Dkt. 31 at 1-2 (Thompson's Rule 9(b) arguments against Marion's fraud and related

declaratory judgment claim), *with* Dkt. 33 at 8-9 (virtually identical arguments regarding U.S. Life's fraud claim). The conclusion above that Marion adequately pleaded the who, what, when, where, and how of fraud thus applies with equal force to U.S. Life's fraud claim. *See supra* Part I.C (resolving same contentions underlying Marion's declaratory judgment claim).

Thompson's contentions that U.S. Life's related unjust enrichment claim was inadequately pleaded or barred by a valid contract are foreclosed. *See* Dkt. 33 at 10. Under Texas law, the taking of a benefit by fraud supports an unjust enrichment claim. *See Digital Drilling Data Sys., L.L.C.*, 965 F.3d at 379-80. U.S. Life's sufficient pleading of fraud defeats Thompson's reliance on Rule 9(b) for dismissal of the unjust enrichment claim. And based on U.S. Life's allegations, Thompson's forgery of Marion's signature voids the change of beneficiary form under which Thompson was paid. Accepting those allegations as true, the disputed overpayments fall outside of any valid contract. *See Pazarin*, 512 F. Supp. 2d at 877-78; *see also supra* Part I.B. This Court should deny Thompson's motion to dismiss U.S. Life's crossclaims.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Nicky Thompson's motion to dismiss Tommy Marion's claims (Dkt. 28) be **GRANTED IN PART** with respect to Marion's fraud claim, but **DENIED IN PART** regarding Marion's claims for unjust enrichment and declaratory relief.

The Court also **GRANTS IN PART** and **DENIES IN PART** Marion's request for leave to amend (Dkt. 30 at 5).  Marion has **until January 16, 2024** to file an amended complaint that more fully articulates his unjust enrichment claim.  Leave to amend his fraud claim is denied as futile.

It is further **RECOMMENDED** that Thompson's motion to dismiss the crossclaims of U.S. Life Insurance Company in the State of New York (Dkt. 33) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on January 2, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge